# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 17-10036-EFM

KELLY SUE HARDMAN,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Kelly Sue Hardman's Motion for Home Confinement or Reduction in Sentence (Doc. 51). She requests home confinement or a reduction in her sentence due to COVID rapidly spreading through the transit facility in which she is being held awaiting transfer to Greenville, Illinois. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.    Factual and Procedural Background

On August 2, 2017, Defendant pleaded guilty to Interstate Use of Communication Facility in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952(a)(1). On October 18, 2017, Defendant was sentenced to 60 months imprisonment. On May 26, 2020, Defendant filed a motion seeking either home confinement or a reduction in her sentence based on the extraordinary and compelling circumstances as stated in 18 U.S.C. § 3582(a)(1)(A). She claims that she is being

held in a transfer center awaiting transfer to Greenville, Illinois.  She asserts that in the transfer facility, the conditions are bad and COVID is rapidly spreading.[1]  The government opposes her motion.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has fifteen days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.      Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3]  The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

---

[1] The Court notes that Defendant has now been transferred from this facility to FCI Greenville.

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5]  Finally, the Court must ensure that any reduction in Defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III.     Analysis

Defendant seeks either home confinement or a reduction in her sentence pursuant to § 3582(c)(1)(A).  The government asserts that the Court lacks jurisdiction.  The Court agrees.

Here, Defendant did not exhaust her administrative remedies.  She does not state or demonstrate that she exhausted her right to appeal the BOP's failure to bring a motion on her behalf or that 30 days have passed since she submitted a request to the warden.  Without any evidence of Defendant's exhaustion of administrative remedies, the Court lacks jurisdiction over Defendant's request for a reduction in sentence.

---

subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

As to Defendant's request for home confinement under the CARES (Coronavirus Aid, Relief, and Economic Security) Act, the Court also lacks jurisdiction. Although the CARES Act allows the BOP additional authority to grant and extend home confinement during the COVID-19 pandemic,[7] it does not grant the Court jurisdiction to grant a request.[8] Thus, the Court does not have the authority to grant Defendant's request for home confinement.

In sum, Defendant did not exhaust her administrative remedies under the compassionate release statute, and the Court lacks jurisdiction over Defendant's request.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Home Confinement or Reduction in Sentence (Doc. 51) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated this 2nd day of September, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7] *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, 134 Stat. 281 (enacted March 27, 2020). "[T]he CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic." *Read-Forbes*, 2020 WL 1888856, at *5. Section 12003(b)(2) of the CARES Act allows the Director of the BOP to lengthen the maximum amount of time a prisoner can be placed in home confinement pursuant to 18 U.S.C. § 3624(c)(2).

[8] *Read-Forbes*, 2020 WL 1888856, at *5 (citing *United States v. Engleson*, 2020 WL 1821797, at *1 (S.D.N.Y. 2020)); *see also United States v. Nash*, 2020 WL 1974305, at *2 (D. Kan. 2020) (noting that the court lacks jurisdiction to consider a request for home confinement under the CARES Act).